**IN RE Mark ATHANS, Omar Martinez, and Prestige Surgical Assistants, LLC, Relators**

NO. 14–14–00699–CV

Court of Appeals of Texas, Houston (14th Dist.)

Filed February 13, 2015.

Gregg M. Rosenberg, Houston, TX, for Relator.

David George, Earnest W. Wotring, Karen R. Dow, Houston, TX, for Real Party in Interest.

Panel consists of Chief Justice Frost and Justices Christopher and Busby

## MAJORITY OPINION

Kem Thompson Frost Chief Justice

Relators Mark Athans, Omar Martinez, and Prestige Surgical Assistants, LLC filed a petition for writ of mandamus in this court. In the petition, relators ask this court to compel the respondent, the Honorable Larry Weiman, presiding judge of the 80th District Court of Harris County, to vacate an order granting a motion for new trial filed by real party in interest American Surgical Assistants, Inc. We deny the petition.

### *Burden to Provide a Sufficient Record*

■ Relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (per curiam) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *See Walker,* 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le,* 335 S.W.3d 808, 813 (Tex.App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted). Relators have failed to satisfy this requirement.

■ In support of their mandamus petition, relators provided this court with various documents, including the reporter's record of the trial proceedings (without

any exhibits), the jury charge, the real party's motion for new trial, and the reporter's record of the trial court's hearing on the real party's motion for new trial. Relators, however, did not include any exhibits admitted into evidence during the trial. Relators argue that this omission does not render the mandamus record inadequate or insufficient. We disagree.

■ The Supreme Court of Texas recently held that an appellate court "*may* conduct," in the context of a mandamus proceeding, "a merits review of the bases for a new trial order after a trial court has set aside a jury verdict." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex.2013) (orig. proceeding) (emphasis added); *see also id.* at 755–62. The purpose of such a review is to determine the "correctness or validity" of the trial

court's articulated reasons for granting a new trial. *Id.* at 758.

### Necessity of a Complete Record

■ To rule on a party's request for a new trial that is based upon the factual insufficiency of the evidence, the trial court must consider and weigh all of the trial evidence and determine whether the challenged fact finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.1998). The respondent concluded that the jury's answers in response to question one were so against the great weight and preponderance of the evidence as to be manifestly unjust. To review this ruling, we must consider, as we presume the respondent did, all of the trial evidence.[1] *See In re Toyota Motor Sales,*

---

1. Our dissenting colleague has reviewed the Supreme Court of Texas briefs in *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex. 2014) (orig. proceeding) (per curiam), and he suggests that, in that case, the Supreme Court of Texas implicitly rejected the notion that the complete record must always be relevant in conducting a merits-based mandamus review of a new-trial order. *See post* at pp. 677–78. Today, we do not address whether the complete record must always be relevant in conducting a merits-based mandamus review of a new-trial order. Even presuming that the parties in *In re Whataburger* asserted that the mandamus record was incomplete, the record in that case may have been complete notwithstanding these assertions. Furthermore, the *In re Whataburger* court neither mentioned these assertions nor addressed whether the record was complete; therefore, the high court did not reject any notion regarding the need for a complete record, either expressly or implicitly. *See Texas v. Cobb*, 532 U.S. 162, 169, 121 S.Ct. 1335, 1341, 149 L.Ed.2d 321 (2001) (concluding that an appellate court's view regarding an issue cannot be implied from a prior case in which the court did not address the issue in its opinion); *Waters v. Churchill*, 511 U.S. 661, 678, 114 S.Ct. 1878, 1889, 128 L.Ed.2d 686 (1994) (stating that "cases cannot be read as foreclosing an

argument that they never dealt with"). This court cannot go behind the opinion of the *In re Whataburger* court in an effort to discern the high court's views on an issue that it did not mention in its opinion. *See Employers Cas. Co. v. Nat'l Bank of Commerce*, 140 Tex. 113, 166 S.W.2d 691, 692 (1942) (stating that court would not go behind the opinion of an appellate court to determine the facts on which the court based its opinion); *Dockum v. Mercury Ins. Co.*, 134 Tex. 437, 135 S.W.2d 700, 700–01 (1940) (holding that court would not go behind the opinion of an appellate court to determine the facts on which the court based its opinion). *See also Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 35 Cal.Rptr.3d 243, 248–9 (2005) (holding that courts cannot "peek" behind the text of an appellate court's opinion to consider matters in the record not mentioned in the opinion in an effort to enlarge the meaning of the opinion). Therefore, any issue as to whether the parties made these arguments in *In re Whataburger* or whether the record in that case was complete is not relevant to the adjudication of today's case. *See Employers Cas. Co.*, 166 S.W.2d at 692; *Dockum*, 135 S.W.2d at 700–01; *Cicairos*, 35 Cal.Rptr.3d at 248–49. Accordingly, we have not reviewed the briefs or the record in *In re Whataburger.*

*U.S.A., Inc.*, 407 S.W.3d at 758 ("If . . . a trial court's articulated reasons are not supported by the underlying record, the new trial order cannot stand."), 759–60 (noting the court had undertaken a "cumbersome review" of the multi-volume trial record) (internal quotations omitted); *In re Wyatt Field Serv. Co.*, No. 14–13–00811–CV, 2013 WL 6506749, at *3 (Tex. App.—Houston [14th Dist.] Dec. 10, 2013, orig. proceeding) (mem. op., per curiam) (concluding that court could not review on mandamus grant of new trial based on factual insufficiency point without a complete record of the trial).[2] Today, relators ask us to base our ruling on less.

▬ To review on appeal the trial court's conclusion that the evidence is factually insufficient to support a challenged fact finding, this court must have the entire reporter's record. Nonetheless, if an appellant substantially complies with Texas Rule of Appellate Procedure 34.6(c), then the appellate court will presume that the partial reporter's record constitutes the entire record for the purpose of reviewing the points or issues listed in the appellant's statement of points or issues,

including issues regarding the alleged factual insufficiency of the evidence.[3] *See* Tex.R.App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex.2002). But, if the appellant completely fails to file a statement of points or issues, an appellate court must presume that the omitted portions of the record are relevant to the disposition of the appeal and that they support the trial court's ruling. *See Bennett*, 96 S.W.3d at 229–30; *Burns v. Mullin*, No. 14–12–00966–CV, 2013 WL 5631031, at *1–2 (Tex.App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem.op). Rule 34.6(c) does not apply to mandamus proceedings, and Rule 52 does not contain any provision analogous to Rule 34.6(c). *See* Tex.R.App. P. 34.6, 52. Given relators' burden to provide this court with a record establishing that the respondent abused his discretion in granting a new trial based on the factual-insufficiency issue and given the absence of any rule analogous to Rule 34.6(c), relators must provide this court with a mandamus record of all of the trial evidence before this court may determine whether the respondent abused his discretion in concluding that the trial evidence is factually insufficient.[4]

---

**2.** Our dissenting colleague states that the appellate rules, rather than cases, tell us whether we must consider all of the trial evidence in reviewing a trial court's ruling on a request for new trial that is based upon the factual insufficiency of the evidence. *See* post at 678–79. Nonetheless, applicable precedent is the source of the rules that (1) to review this type of ruling, we must consider all of the trial evidence, and (2) in a mandamus proceeding, relators have the burden of providing a record sufficient to establish their entitlement to mandamus relief. *See Maritime Overseas Corp.*, 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.*, 2013 WL 6506749, at *3; *In re Le*, 335 S.W.3d at 813.

**3.** Under this presumption, the appellate court is still complying with any applicable precedent requiring consideration of all the trial evidence because the appellate court presumes that the evidence contained in the rec-

ord constitutes all of the trial evidence. *See* Tex.R.App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex.2002).

**4.** Presuming for the sake of argument that, in a mandamus proceeding, this court does not presume that the missing portions of a record support the respondent's order, this court does require that a relator provide this court with a record sufficient to establish the relator's entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Le*, 335 S.W.3d at 813. Though a record containing less than all of the trial evidence might be sufficient to establish the relator's entitlement to mandamus relief as to rulings on certain issues, such a record is not sufficient to show that a respondent abused his discretion in concluding that the trial evidence is factually insufficient to support one or more jury findings. *See Maritime Overseas Corp.*, 971

*See In re Toyota Motor Sales, U.S.A., Inc.,* 407 S.W.3d at 758; *Maritime Overseas Corp.,* 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.,* 2013 WL 6506749, at *3. *See also In re Le,* 335 S.W.3d at 813, 814 (stating that "[t]his court cannot make a sound decision based on an incomplete picture" and that "[i]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record."). Relators have not provided a record of all of the trial evidence.

### Relators' Failure to Provide a Sufficient Mandamus Record

■ Under Texas Rule of Appellate Procedure 52.7, the relators must file with their mandamus petition a certified or sworn copy of every document material to their claim for relief that was filed in the underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence. *See* Tex.R.App. P. 52.7. The trial exhibits are documents material to relators' claim that the respondent abused his discretion in granting a new trial on the basis that the trial evidence is factually insufficient. *See id.; Maritime Overseas Corp.,* 971 S.W.2d at 406–07; *In re Wyatt Field Serv. Co.,* 2013 WL 6506749, at *3; *In re Le,* 335 S.W.3d at 814. In addition, though relators have included in the mandamus record a properly authenticated transcript of the relevant testimony from trial—all of

the testimony—relators have failed to comply with Rule 52.7's requirement that they include in the record the exhibits offered in evidence.[5] *See* Tex.R.App. P. 52.7.

Presuming, without deciding, that this court may review on mandamus the other two grounds articulated by the respondent for granting a new trial without a record containing all of the trial evidence, relators are not entitled to mandamus relief unless and until they show that the respondent abused his discretion in granting a new trial as to each independent ground for granting the new trial. Because one of these grounds is factual insufficiency and because the record does not contain all of the trial evidence, relators have failed to establish their entitlement to mandamus relief.

### Conclusion

Relators' petition for writ of mandamus is denied, without prejudice to relators' filing a new mandamus petition concerning the respondent's order granting a new trial that is supported by the complete trial record. The stay granted on September 9, 2014, is lifted.

(Busby, J., dissenting).

### DISSENTING OPINION

J. Brett Busby, Justice, dissenting.

My colleagues hold that whenever a relator seeks a merits-based mandamus re-

---

S.W.2d at 406–07; *In re Wyatt Field Serv. Co.,* 2013 WL 6506749, at *3; *In re Le,* 335 S.W.3d at 814.

5. Our dissenting colleague cites *In re Stern. See* 436 S.W.3d 41, 45 n. 1 (Tex.App.—Houston [14th Dist.] 2014, orig. proceeding). The *In re Stern* case involved objections by the real parties in interest that some exhibits from a hearing were not included in the mandamus record and that other documents were includ-

ed improperly. *See id.* Today's proceeding does not involve any issue of documents being included in the mandamus record improperly, and the *Stern* court noted that all of the allegedly omitted · documents were contained somewhere in the mandamus record, if not directly in the hearing transcript. *See id.* Thus, the *In re Stern* case is not on point. *See id.*

view of any order granting a new trial based on the factual insufficiency of the evidence, the relator must file "all of the trial evidence." *Ante*, at 678. If the relator does not, its petition will be denied "without prejudice" to briefing the entire mandamus proceeding all over again based on the complete record. *Id.* at 682. Because this waste of judicial and party resources is not supported by either rule or precedent, I respectfully dissent.

Real party in interest American Surgical Assistants, Inc. (ASA) sued relators Mark Athans, Omar Martinez, and Prestige Surgical Assistants, LLC for causes of action including breach of fiduciary duty and aiding and abetting such a breach. At trial, the jury failed to find a breach and thus did not answer the question regarding aiding-and-abetting liability. The trial court granted ASA a new trial on three grounds: (1) the jury's "No" answers to the breach of fiduciary duty questions were against the great weight and preponderance of the evidence; (2) the jury should have been instructed on the meaning of the term "solicit" in the charge, which is a question of law; and (3) defense counsel violated the trial court's instructions not to discuss the details of the evidence or argue the case at the voir dire stage.

In support of their mandamus petition challenging this order, relators filed a record that included a reporter's record of all trial proceedings but omitted the exhibits that were admitted into evidence at trial. Relators and ASA also filed a lengthy petition, response, and reply that addressed the merits of whether the jury's failures to find a breach of fiduciary duty were against the great weight and preponderance of the evidence. Each of these filings included extensive citations to the reporter's record of the trial. At no time did any party identify any particular exhibit that it contended was relevant or material to the question whether the jury's verdict on breach of fiduciary duty was against the great weight and preponderance of the evidence. Rather, ASA simply argued that without the entire trial record, this Court cannot determine whether the trial court's holding regarding the great weight and preponderance of the evidence is incorrect.

This argument is contrary to our rules governing mandamus records. In the mandamus context, courts do not presume that missing portions of a record support the trial court's order. *Progressive Ins. Cos. v. Hartman*, 788 S.W.2d 424, 427 (Tex.App.—Dallas 1990, orig. proceeding) (Baker, J.); *see also In re 24R, Inc.*, 324 S.W.3d 564, 568 (Tex.2010) (per curiam) (orig. proceeding) (holding "without merit" an argument that the relator had "waived its right to mandamus relief because it did not file a complete transcript from proceedings in the trial court"). Rather, a relator is required to file only "document[s] ... *material* to the relator's claim for relief" and "a properly authenticated transcript of any *relevant* testimony from any underlying proceeding, including any exhibits offered in evidence." Tex.R.App. P. 52.7(a) (emphasis added). Here, there is no indication that any particular missing exhibit is either relevant or material in determining whether the jury's findings on breach of fiduciary duty are against the great weight and preponderance of the evidence.

Accordingly, the only possible basis for this Court's denial of relators' mandamus petition is the general notion that the complete record must always be relevant in conducting a merits-based mandamus review of a new trial order. But that very notion recently failed to carry the day in the Supreme Court of Texas. In *In re Whataburger Restaurants LP*, 429 S.W.3d 597 (Tex.2014) (orig. proceeding) (per cu-

riam), the court considered a mandamus petition challenging an order granting new trial based on a juror's failure to disclose information during voir dire. In briefing the case, the real party in interest correctly pointed out that the rules require a review of the whole record to determine whether juror misconduct warrants a new trial, *see* Tex.R. Civ. P. 327, and it argued that the mandamus petition must be denied because the court did not have the entire record of the trial before it.[1] The relator did not dispute that the whole record had not been filed, arguing instead that the missing portions were not relevant under Rule 52.7(a) and that the real party had not identified any item omitted from the record that supported the order.[2] The supreme court did not deny the petition based on an insufficient record. Instead, without expressly addressing the record issue, the court examined the record that was before it and granted the petition after concluding that "we find no evidence that [the juror's] failure to disclose that she was a defendant in prior lawsuits probably caused [the plaintiff] injury." *In re Whataburger Restaurants LP,* 429 S.W.3d at 599.

This result is sound because it is consistent with the mandamus rules' refusal to presume that a missing item supports the order, and it recognizes that the parties can most efficiently determine whether all items relevant and material to a mandamus petition are before the appellate court. Unlike in an ordinary appeal, a relator files both its mandamus petition and record at the very beginning of the proceeding. *See* Tex.R.App. P. 52.1, 52.7(a). The real party, having lived with the case and reviewed the particular argu-

ments raised in the relator's petition, will certainly be in a better position than the appellate court to determine whether a relevant or material item has been omitted from the record. In this way, a mandamus petition is analogous to a partial-record appeal, in which the appellant files an early statement of the issues presented and requests a partial reporter's record addressing those issues, while other parties may designate additions to that record. *See* Tex.R.App. P. 34.6(c). If the real party in a mandamus proceeding believes a relevant or material item has been omitted from the record, it may either explain why the omitted item is relevant or material, or it may supplement the record to include the omitted item. *See* Tex.R.App. P. 52.7(a), (b). But if—as here—it chooses to do neither, it may not complain if the court proceeds to decide the petition on the existing record.

Under this interpretation of the mandamus rules, relator's record is sufficient. As our Court recently recognized, "there is no defect with relator's record that affects our consideration of [his] petition" when the real party "does not argue ... [missing] documents establish any material facts not otherwise admitted by the parties...." *In re Stern,* 436 S.W.3d 41, 45 n. 1 (Tex.App.—Houston [14th Dist.] 2014, orig. proceeding). Here, ASA does not argue that the missing exhibits establish any relevant or material facts beyond those discussed by the witnesses at trial or otherwise contained in the record before us. Moreover, the trial court's order granting a new trial on three grounds suggests that any missing exhibits are not relevant or material to our review of any of the grounds. To support its holding that

---

1. *See* Real Parties' Br. on Merits at vii–ix, 3–4, *In re Whataburger Restaurants LP,* 429 S.W.3d 597 (Tex.2014) (No. 11–0037), 2011 WL 8584401.

2. Relator's Reply Br. on Merits at 10–11, *In re Whataburger Restaurants LP,* 429 S.W.3d 597 (Tex.2014) (No. 11–0037), 2011 WL 8584402.

the jury's verdict on breach of fiduciary duty was against the great weight and preponderance of the evidence, the trial court pointed specifically to "[t]he testimony of witnesses Mark Athans, Monica Ellington, Omar Martinez, and Eleazar Flores"—all of which is in the record before us. As to whether the lack of a definition of the term "solicit" confused the jury, the trial court noted the different definitions "argued to the jury during closing argument," a transcript of which appears in the mandamus record. Finally, the trial court held that defense counsel violated the court's instructions at the voir dire stage, and our record likewise contains a transcript of the voir dire.

The majority opinion argues that under *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998), "relators *must* provide" and "we *must* consider . . . all of the trial evidence" in reviewing a trial court's factual insufficiency ruling. *Ante,* at 678 & n.2. To the contrary, the appellate rules dictate the extent of the record that parties must provide and courts must consider. In the context of a partial-record appeal, for example, "an appellant need not file a complete reporter's record to preserve legal or factual sufficiency issues." *Bennett v. Cochran,* 96 S.W.3d 227, 228 (Tex.2002) (per curiam) (citing Tex.R.App. P. 34.6(c)(4)). This conclusion is consistent with common experience: in many cases, substantial portions of the trial court proceedings will not be relevant to a particular issue on which the factual sufficiency of the evidence is challenged, and it would be a waste of resources to include these irrelevant portions in the record. Given this reality, as well as the supreme court's consistent mandate to interpret our rules in a common-sense

manner that furthers resolution of cases on the merits,[3] we should not interpret the relevance and materiality requirements of Rule 52.7 to require relators to file a complete trial record in every single case in which a new trial has been granted based on factual insufficiency of the evidence.

For these reasons, we should decide this petition on the merits, not deny it based on an insufficient record. Our recent decision in *In re Wyatt Field Service Co.,* No. 14–13–00811–CV, 2013 WL 6506749 (Tex. App.—Houston [14th Dist.] Dec. 10, 2013, orig. proceeding), is not to the contrary. There, we applied Texas Rule of Appellate Procedure 52.7 to the facts of the case and concluded that because the mandamus record "does not include the testimony of all the witnesses, any of the trial exhibits, or opening and closing arguments," we could not determine whether the trial court abused its discretion in granting a new trial on the particular grounds it did. *Id.* at \*3. The record and grounds are different in the case before us, and there is no basis for concluding that any item missing from our record is relevant or material to our review of the new trial grounds as explained above. Moreover, we did not adopt a blanket holding in *Wyatt*—as my colleagues do here—that it is always necessary to have a complete trial record to conduct a merits-based review of an order granting a new trial based on the factual insufficiency of the evidence. *See ante,* at 678. Because I conclude that this holding is not supported by rules, precedent, or sound policy, I respectfully dissent.

---

**3.** *E.g., Thota v. Young,* 366 S.W.3d 678, 690 (Tex.2012) ("[W]e have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly pro-

motes form over substance."); *Bennett,* 96 S.W.3d at 230 ("Our appellate rules are designed to further the resolution of appeals on the merits," and "[w]e will interpret these rules, when possible, to achieve that aim.").